ABRAMS GARFINKEL MARGOLIS BERGSON, LLP
Robert J. Bergson (RJB-5271)
237 West 35th Street
Fourth Floor
New York, NY 10001
Telephone: (212) 201-1170
Attorneys for Defendants U.S. Foodservice, Inc.
and Jorji Oguguo s/h/a Oguguo Jorji

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

ROBERT S. MONACO,

                         Plaintiff,

      v.

U.S. FOODSERVICE, INC. and OGUGUO JORJI,

                         Defendants.

-----------------------------------------------------------------------x

Case No.: 08 CV 01475
(JGK/MHD)

**VERIFIED ANSWER**

Defendants U.S. Foodservice, Inc. ("US Food") and Jorji Oguguo s/h/a Oguguo Jorji (collectively, "Defendants"), by their attorneys, Abrams Garfinkel Margolis Bergson, LLP, as and for their verified answer to the summons and verified complaint (the "Complaint"), respectfully allege as follows:

### AS AND TO THE FIRST CAUSE OF ACTION

1. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint.

2. Deny the allegations contained in paragraph "2" of the Complaint.

3. Deny the allegations contained in paragraph "3" of the Complaint.

4. Admit the allegations contained in paragraph "4" of the Complaint.

5. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

7. Admit the allegations contained in paragraph "7" of the Complaint.

8. Deny the allegations contained on paragraph "8" of the Complaint, except admit that Jorji Oguguo was employed by US Food on the date of the alleged incident.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "10" of the Complaint, except admit that, on the date of the alleged incident, US Food was the owner of a truck bearing New Jersey license plate number AG573F.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the Complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "13" of the Complaint.

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

18. Deny the allegations contained in paragraph "18" of the Complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the Complaint.

21. Deny the allegations contained in paragraph "21" of the Complaint.

22. Deny the allegations contained in paragraph "22" of the Complaint.

23. Deny the allegations contained in paragraph "23" of the Complaint.

24. Deny the allegations contained in paragraph "24" of the Complaint.

25. Deny the allegations contained in paragraph "25" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

26. The causes of action alleged in the complaint are barred by the applicable Statute of Limitations.

### SECOND AFFIRMATIVE DEFENSE

27. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

28. Plaintiff's damages, if any, were caused solely by the separate, independent and/or negligent actions and/or inactions of third persons over whom Defendants exercised no control and/or with whom defendants had no relationship.

### FOURTH AFFIRMATIVE DEFENSE

29. The culpable conduct of the plaintiff brought about the alleged damages without any culpable conduct on the part of the answering Defendants, their agents, servants and/or employees. That if the Court finds after trial any culpable conduct on the part of the answering Defendants, their agents, servants and/or employees contributed to the alleged damages to the plaintiff, then, and in that event, the answering Defendants pray that the amount of damages which might be recoverable shall be diminished in the proportion which the culpable conduct attributable to the plaintiff bears to the culpable conduct which caused the alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

30. Plaintiff did not sustain a serious injury as defined in section 5101 et.seq. of the New York Insurance Law and has no right of recovery pursuant to those sections of the New York Insurance Law.

### SIXTH AFFIRMATIVE DEFENSE

31. Plaintiff's damages, if any, are and will be barred, diminished and/or subrogated to any and all collateral source payments obtained pursuant to CPLR 4545.

## SEVENTH AFFIRMATIVE DEFENSE

32. Defendants allege herein that if plaintiff sustained any injuries at the time and place upon the occasion alleged in the Complaint, plaintiff assumed the risk of sustaining same under the conditions and circumstances then existing.

## EIGHTH AFFIRMATIVE DEFENSE

33. Defendants' responsibility, if any, and which is expressly denied herein, is less than 50% of any responsibility attributable to any tortfeasor who is or may be responsible for the happening of the Plaintiff's alleged accident, whether or not a party hereto, and as such, Defendants are entitled to a limitation of damages as set forth in CPLR Article 16.

## NINTH AFFIRMATIVE DEFENSE

34. The Complaint fails to state a cause of action.

## TENTH AFFIRMATIVE DEFENSE

35. Any injury which plaintiff may have sustained at the time and place set forth in the Complaint was the result of the negligence of other persons not named as Defendants herein.

## ELEVENTH AFFIRMATIVE DEFENSE

36. The amount of damages otherwise recoverable by plaintiff shall be diminished in the proportion by which the culpable conduct of the plaintiff bears to the total culpable conduct causing the injury in accordance with Article 14(a) of the Civil Practice Law and Rules of New York.

## TWELFTH AFFIRMATIVE DEFENSE

37. Defendants allege that the incident and damages (if any) of which

plaintiff complains were proximately caused by the fault of third persons not parties to this suit. Inasmuch as the liability of Defendants, if any, and the right of plaintiff to recover in this litigation can only be determined, pursuant to CPLR Article 16, after the percentages of fault of any parties to the incident are determined, whether or not they are parties to this litigation, Defendants seek an adjudication of the percentages of fault of each and every person whose fault contributed to this incident.

### THIRTEENTH AFFIRMATIVE DEFENSE

38.   In the event that any person or entity liable or claimed to be liable for the injury alleged in this action has been given or may hereafter be given a release or covenant not to sue, Defendants allege that they are entitled to the protection of General Obligations Law Section 15-108 and the corresponding reduction of damages provided for therein.

### FOURTEENTH AFFIRMATIVE DEFENSE

39.   All limitations of liability made available by Article 16 of the New York CPLR apply to the Defendants.

WHEREFORE, Defendants demand judgment dismissing the Complaint and awarding them the costs and disbursements, including reasonable attorneys' fees, of this action and such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 14, 2008

                                  ABRAMS GARFINKEL
                                  MARGOLIS BERGSON, LLP

                                  By: _____
                                     Robert J. Bergson (RJB-5271)
                                  237 West 35th Street
                                  Fourth Floor
                                  New York, NY 10001
                                  (212) 201-1170

                                  *Attorneys for Defendants*
                                    U.S. Foodservice, Inc. and Jorji Oguguo,
                                    s/h/a Oguguo Jorji

TO:    BARRY, McTIERNAN & WEDINGER
          1024 Amboy Avenue
          Edison, NJ 08837-2807
          (732) 225-3510

          *Attorneys for Plaintiff*

## VERIFICATION

STATE OF NEW YORK        )
                         ) SS.:
COUNTY OF NEW YORK       )

ROBERT J. BERGSON, being duly sworn, deposes and says:

1. I am an attorney admitted to practice law in the courts of the State of New York and a member of Abrams Garfinkel Margolis Bergson, LLP, the attorneys for defendants U.S. Foodservice, Inc. and Jorji Oguguo (collectively, "Defendants").

2. I have read the foregoing Verified Answer and it is true upon information and belief. The grounds for my belief of those matters not stated on my personal knowledge are pleadings and other matters filed in this action and correspondence and writings furnished to me by Defendants.

3. This verification is made by me rather than by Defendants because defendant U.S. Foodservice, Inc. is not a New York corporation and defendant Jorji Oguguo resides in New Jersey.

_____
Robert J. Bergson

Sworn to before me this
14th day of April, 2008

_____
Notary Public

BARRY G. MARGOLIS
Notary Public, State of New York
No. 02MA5046107
Qualified in Nassau County
Commission Expires July 3, 2011

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing was served via first-class mail, postage prepaid, this 14th day of April, 2008 on all counsel of record as follows:

BARRY, McTIERNAN & WEDINGER
1024 Amboy Avenue
Edison, NJ 08837-2807

Robert J. Bergson (RJB-5271)